IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-10078-WEB |
| | ) | |
| DARYL B. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This case came before the court for sentencing of the defendant, Daryl Jones. The defendant entered a guilty plea to making, uttering or possessing a forged security, in violation of 18 U.S.C. § 513(a). Neither party objected to the presentence report. At the sentencing hearing, the defendant argued for alternative sentencing options. The court ruled on the request at the sentencing hearing. This Order supplements the court's oral ruling.

The defendant was on pre-trial supervision, and due to drug use, was admitted to inpatient drug treatment. After the defendant changed his plea, but before sentencing, the defendant signed out of the facility and failed to return as required. The defendant request the court consider two alternative sentencing options. First, the defendant request the court placing the defendant on probation, and allowing the defendant to continue in inpatient drug treatment. Alternatively, the defendant requests the court impose a split sentence, which would result in a sentence of five months imprisonment, and the remaining time in a halfway house, where the defendant would be allowed to address his substance abuse issues. The defendant also realizes that the proposed sentence of 10 months imprisonment, followed by two years of supervised release, will allow the defendant to receive drug treatment while on supervised release, but will

1

delay the start of treatment.

The Government argues against the proposed alternative sentences. The Government argues that the defendant can obtain drug treatment while on supervised release. Furthermore, the defendant has not shown he deserves anything other than the 10 month sentence, as the defendant violated the conditions of his bond. The Government recognizes that the defendant can be released to the halfway house as a condition of supervised release.

The court has reviewed the presentence report. The defendant's criminal history begins in 1977, and it never stops. The defendant has had numerous appearances in criminal and traffic court. The defendant had an opportunity to receive drug treatment while on pre trial release, instead, he absconded and hide in his mother's house for two weeks.

After considering the factors set forth in 18 U.S.C. § 3553, the court imposes a sentence of 10 months incarceration, a sentence at the low end of the Sentencing Guideline range. The court finds a sentence of 10 months is sufficient, but not greater than necessary to comply with the purposes of sentencing. The court has considered the defendant's criminal history, and his behavior while on pre-trial release. The court has considered the nature and circumstances of the offense, as well as the history and characteristics of the defendant. A sentence of 10 months would provide just punishment, promote deterrence from criminal behavior, and protect the public.

The defendant's request for a probation or a split sentence is DENIED as stated above. The probation officer in charge of this case will see that a copy of this order is appended to any copy of the presentence report made available to the Bureau of Prisons.

IT IS SO ORDERED this 7th day of December, 2009.

s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge